1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MONTE L. HANEY,                                    No.  2:17-cv-0860-EFB P

12                        Plaintiff,

13          v.                                           ORDER

14    M. WOODRUFF,

15                        Defendant.

16

17          Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C.

18    § 1983, seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (ECF No. 2). [1]

19          The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States

20    to authorize the commencement and prosecution of any suit without prepayment of fees by a

21    person who submits an affidavit indicating that the person is unable to pay such fees.  However,

22                        [i]n no event shall a prisoner bring a civil action or appeal a
                          judgment in a civil action or proceeding under this section if the
23                        prisoner has, on 3 or more prior occasions, while incarcerated or
                          detained in any facility, brought an action or appeal in a court of the
24                        United States that was dismissed on the grounds that it is frivolous,
                          malicious, or fails to state a claim upon which relief may be
25                        granted, unless the prisoner is under imminent danger of serious
                          physical injury.
26

27          [1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.
      § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local
28    Rules, Appx. A, at (k)(4).

                                                        1

1    28 U.S.C. § 1915(g).  The court takes judicial notice[2] of the following lawsuits previously filed

2    by plaintiff:

3            *Haney v. Bondoc, et al.*, 1:07-cv-01222 GMS (E.D. Cal. Jul. 22,
             2007), dismissed for failure to state a claim upon which relief may
4            be granted.  *Id.*, ECF Nos. 16,17.

5            *Haney v. Hernandez, et al.*, 1:10-cv-02134 LJO BAM (E.D. Cal.
             Nov. 6, 2012), dismissed for failure to state a claim upon which
6            relief may be granted.  *Id.*, ECF No. 47.

7            *Haney v. Braswell, et al.*, 1:10-cv-01140 LJO GSA (E.D. Cal. Mar.
             25, 2013), dismissed for failure to state a claim upon which relief
8            may be granted.  *Id.*, ECF No. 10.

9           Based on the foregoing, this court finds that plaintiff is precluded from proceeding in

10   forma pauperis in this action unless plaintiff is "under imminent danger of serious physical

11   injury."  28 U.S.C. § 1915(g).  To meet the exception, plaintiff must allege facts that demonstrate

12   that he was "under imminent danger of serious physical injury" at the time of filing the complaint.

13   *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) (holding that "it is the circumstances

14   at the time of the filing of the complaint that matters for purposes of the 'imminent danger'

15   exception under § 1915(g).").

16          Plaintiff alleges that defendant used excessive force against him on April 27, 2016 by

17   closing a cell door on his arm.  ECF No. 1 at 4-5.  This claim does not meet the imminent danger

18   exception because it occurred nearly one year before this action was filed.  *See Lewis v. Sullivan*,

19   279 F.3d 526, 531 (7th Cir. 2002) (holding that the imminent danger exception applies "[w]hen a

20   threat or prison condition is real and proximate . . . .").  And, crucially, plaintiff does not allege

21   that defendant has actually used excessive force against him since that date.  The only other

22   concrete allegation  made against defendant in the complaint is that, on November 18, 2016,

23   defendant threatened to assault plaintiff with a baton.  ECF No. 1 at 6.  This alleged threat

24   precedes this suit by several months and plaintiff does not allege that defendant ever made good

25   /////

26

27          [2] Judicial notice may be taken of court records.  *Valerio v. Boise Cascade Corp.*, 80
     F.R.D. 626, 635 n.1 (N.D. Cal. 1978), *aff'd*, 645 F.2d 699 (9th Cir.), *cert. denied*, 454 U.S. 1126
28   (1981).

on it.  Accordingly, the court finds that plaintiff has not brought allegations which, taken as true, demonstrate that he is in imminent danger of serious physical injury.

Because the court finds that plaintiff has not made the requisite showing of "imminent danger" to qualify for an exception to the "three strikes" bar under 1915(g), plaintiff will be denied in forma pauperis status and be required to pay the full filing fee in order to proceed with this action.

Accordingly, it is ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is denied;

2. Plaintiff is required to pay the filing of $400.00 in full within twenty-one (21) days of the date of service of this order; and

3. Failure to pay the filing fee as directed will result in the dismissal of this action.

Dated:  October 3, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE