UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE HANEY, | No. 2:17-cv-0860-EFB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| M. WOODRUFF, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding without counsel in this action under 42 U.S.C. § 1983. Plaintiff filed a written consent to have the case heard by the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). ECF No. 4. Thereafter, the undersigned denied plaintiff's request to proceed in forma pauperis and ordered him to pay the filing fee within 21 days. ECF No. 5. Plaintiff responded by filing a motion asking that the undersigned be disqualified from the case under 28 U.S.C. § 455(b)(1) because "plaintiff has reason to believe that the judge is prejudiced and biased concerning this case." ECF No. 7 at 4. Plaintiff also moves to withdraw his consent to magistrate judge jurisdiction.

As discussed below, the motion for recusal is denied. However, in light of a recent Ninth Circuit decision, the order denying the application to proceed in forma pauperis is vacated and replaced with findings and recommendations recommending that the application be denied.

/////

1

**I.     Analysis**

28 U.S.C. § 455(a) provides that a magistrate judge must disqualify himself from any proceeding in which his impartiality might reasonably be questioned. Subsection 455(b) provides additional situations warranting disqualification, including "[w]here [the judge] has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). Such bias or prejudice can almost never be deduced from judicial rulings alone. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Absent any other evidence of bias, an adverse ruling does not warrant disqualification. *Potlatch Corp. v. United States*, 548 F. Supp. 155, 156 (N.D. Cal. 1982).

It is clear from plaintiff's motion that his sole reason for seeking disqualification is his disagreement with the order denying his motion to proceed in forma pauperis. ECF No. 7 at 2-6 (arguing that the determination that plaintiff was not entitled to proceed in forma pauperis was wrong). Plaintiff presents no evidence that this ruling was the result of bias or prejudice against him. Accordingly, disqualification is not warranted.

Plaintiff also indicates in the motion that he wishes to withdraw his consent to have the case heard by the undersigned magistrate judge. Once a party waives his right to have his case heard by an Article III judge by consenting to the jurisdiction of a magistrate judge, the court may, in some circumstances, permit him to withdraw such consent. *United States v. Neville*, 985 F.2d 992, 999-1000 (9th Cir. 1993). The court considers these factors in deciding whether to allow a party to withdraw consent: (1) the timeliness of the request; (2) whether granting the request would unduly interfere with or delay the proceedings; and (3) whether the party's consent was voluntary and uncoerced. *Id.*

Plaintiff's request to withdraw his consent has occurred early in the case and granting the request would likely not cause a great deal of delay. However, plaintiff's consent was freely given – he filled out and returned the court's standard form asking whether he consented to or declined the jurisdiction of a magistrate judge, and he does not indicate that he was under any pressure to select "consent" over "decline." ECF No. 4. It appears instead that plaintiff wishes to withdraw his consent simply because the undersigned magistrate judge issued a ruling adverse to him. This is not a valid basis upon which the court will allow plaintiff to withdraw his consent.

His remedy instead is to challenge the adverse ruling on appeal. *See Liteky*, 510 U.S. at 555 (stating that adverse rulings are proper grounds for appeal, not recusal). Accordingly, plaintiff's request to withdraw his consent will be denied.

However, defendants have not yet been served and, necessarily, have not yet consented to proceed before a magistrate judge. An intervening ruling by the Ninth Circuit Court of Appeals, held that a magistrate judge lacks jurisdiction to enter dispositive orders until all named parties, even those unserved, have consented. *Williams v. King*, __ F.3d __, 2017 U.S. App. LEXIS 22537 (9th Cir. Nov. 8, 2017) ("28 U.S.C. § 636(c)(1) requires the consent of all plaintiffs and defendants named in the complaint—irrespective of service of process—before jurisdiction may vest in a magistrate judge to hear and decide a civil case that a district court would otherwise hear."). Thus, *Williams* requires that the earlier order denying plaintiff's request to proceed in forma pauperis be vacated and replaced with findings a recommendation. Nonetheless, the analysis contained in that order remains valid and for the same reasons the undersigned recommends that the district judge deny plaintiff's motion to proceed in forma pauperis. That analysis is restated below for the convenience of the court and parties.

The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The court takes judicial notice[1] of the following lawsuits previously filed by plaintiff:

---

[1] Judicial notice may be taken of court records. *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), *aff'd*, 645 F.2d 699 (9th Cir.), *cert. denied*, 454 U.S. 1126 (1981).

3

| | |
|---|---|
| 1 | *Haney v. Bondoc, et al.*, 1:07-cv-01222 GMS (E.D. Cal. Jul. 22, 2007), dismissed for failure to state a claim upon which relief may be granted. *Id.*, ECF Nos. 16,17. |
| 2 | |
| 3 | *Haney v. Hernandez, et al.*, 1:10-cv-02134 LJO BAM (E.D. Cal. Nov. 6, 2012), dismissed for failure to state a claim upon which relief may be granted. *Id.*, ECF No. 47. |
| 4 | |
| 5 | *Haney v. Braswell, et al.*, 1:10-cv-01140 LJO GSA (E.D. Cal. Mar. 25, 2013), dismissed for failure to state a claim upon which relief may be granted. *Id.*, ECF No. 10. |
| 6 | |

Based on the foregoing, plaintiff is precluded from proceeding in forma pauperis in this action unless plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To meet the exception, plaintiff must allege facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) (holding that "it is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception under § 1915(g).").

Plaintiff alleges that defendant used excessive force against him on April 27, 2016 by closing a cell door on his arm. ECF No. 1 at 4-5. This claim does not meet the imminent danger exception because it occurred nearly one year before this action was filed. *See Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding that the imminent danger exception applies "[w]hen a threat or prison condition is real and proximate . . . ."). And, crucially, plaintiff does not allege that defendant has actually used excessive force against him since that date. The only other concrete allegation made against defendant in the complaint is that, on November 18, 2016, defendant threatened to assault plaintiff with a baton. ECF No. 1 at 6. This alleged threat precedes this suit by several months and plaintiff does not allege that defendant ever made good on it. Accordingly, plaintiff has not brought allegations which, taken as true, demonstrate that he is in imminent danger of serious physical injury.

The undersigned finds that plaintiff has not made the requisite showing of "imminent danger" to qualify for an exception to the "three strikes" bar under 1915(g) and will therefore recommend that the court deny plaintiff in forma pauperis status and require him to pay the full filing fee in order to proceed with this action.

4

**II.     Order and Recommendation**

For the foregoing reasons, it is hereby ORDERED that:

1. Plaintiff's October 23, 2017 motion for disqualification (ECF No. 7) is DENIED.
2. The order of October 3, 2017 (ECF No. 5) is VACATED.
3. The Clerk is directed to randomly assign a United States District Judge to this action.

Further, it is RECOMMENDED that plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  November 27, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE